IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-40819

RUSTY COONS,

Plaintiff-Appellant,

v.

RANDALL LAIN, Wood County Deputy,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-439

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]

PER CURIAM:[**]

Plaintiff-Appellant Rusty Coons ("Coons") filed this appeal following entry of the district court's order granting summary judgment and dismissing his suit against Defendant-Appellee Randall Lain ("Deputy Lain"). For the following reasons, we reverse and remand.

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In August 2006, Wood County Deputy Sheriff Randall Lain entered Marilyn Hipps's ("Hipps") ranch to investigate Hipps's complaint that property had been stolen from her tack room. Both Rusty Coons and his wife Lisa worked at the ranch and Rusty apparently thought the investigation focused on Lisa. While Deputy Lain was trying to take Hipps's statement in the tack room, Coons entered the room, approached Hipps, and said, "I don't like you involving my wife in your investigation . . . because my wife didn't do anything."

At this point there is a dispute regarding the facts. According to Deputy Lain, he told Coons to leave but Coons continued to approach Deputy Lain and Hipps. Deputy Lain asserts that after he told Coons to leave, Coons attempted to get around Deputy Lain to get to Hipps. Deputy Lain alleged that he controlled Coons both to protect Hipps and stop Coons's interference with the investigation. Deputy Lain alleged that Coons resisted his efforts and continued to interfere. According to Coons, though, he did not disobey Deputy Lain's instructions, but rather when he was told to leave he promptly attempted to comply. Coons stated that he turned to leave but Deputy Lain tackled him, slammed him against a wall, threw him down on a bench, and twisted his arm behind his back. Coons specifically denies ever reaching out towards or attempting to touch Hipps or Deputy Lain in any way.

Deputy Lain then put Coons in handcuffs and placed him in his police car. Coons was detained in the patrol car for 15–30 minutes. Coons was never charged with any crime. Deputy Lain alleged that he could have arrested Coons for interference with the investigation, but did not do so at the request of Hipps.

Coons alleged that he suffered soft tissue damage to his left shoulder, tendon damage to his left wrist, torn cartilage, and multiple bruises and abrasions, as well as emotional distress. Coons's medical records indicate he had injuries that required a sling for his shoulder and multiple medications for pain.

Coons alleged in his complaint against Deputy Lain that Deputy Lain unlawfully arrested him, used excessive force in the arrest, and assaulted him, all in violation of the Fourth Amendment. Deputy Lain filed a summary judgment motion on qualified immunity grounds which the district court granted. The court also dismissed Coon's state law claims on official immunity grounds.

## II.

We review the grant of summary judgment de novo, independently reviewing the decision according to the same standards the district court used. Lafreniere Park Found. v. Broussard, 221 F.3d 804, 807 (5th Cir. 2000); Lampkin v. City of Nacagdoches, 7 F.3d 430, 434 (5th Cir. 1993), cert. denied sub nom, Vanover v. Lampkin, 511 U.S. 1019 (1994). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323–25 (1986). When ruling on a motion for summary judgment, the district court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Lampkin, 7 F.3d at 434.

## III.

## A.

The qualified immunity doctrine was established to reconcile the interest of compensating persons who have experienced a violation of their federally protected rights with the interest of limiting the fear that personal liability will inhibit public officials in the discharge of their duties. Goodson v. City of Corpus Christi, 202 F.3d 730, 735 (5th Cir. 2000) (internal quotations omitted). We

follow the two-prong test established by the Supreme Court to evaluate the merits of a qualified immunity defense: (1) whether the plaintiff alleged a violation of a clearly established right; and (2) whether the public official's conduct was objectively reasonable in light of clearly established law at the time of the alleged violation. Siegert v. Gilley, 500 U.S. 226, 231–32 (1991); see also Goodson, 202 F.3d at 736.

We turn first to the excessive force claim under the Fourteenth Amendment. In an excessive force claim, the plaintiff bears the burden of showing: (1) an injury, (2) resulting directly from use of force clearly excessive to the need, and (3) the force used was objectively unreasonable. Goodson, 202 F.3d at 730. Coons alleged that Deputy Lain used excessive force because even though he turned to leave the room in compliance with Deputy Lain's request, Deputy Lain nevertheless attacked him.

Deputy Lain argues both that he did not use excessive force and that he is entitled to qualified immunity because he acted in an objectively reasonable manner. Under Deputy Lain's account, he told Coons to depart and his command was flagrantly ignored. Under these facts his response may have been objectively reasonable, and Deputy Lain may have been entitled to qualified immunity. Under Coons's version of the facts, however, the version we must accept when reviewing a grant of summary judgment, Deputy Lain's actions were not objectively reasonable. Specifically, when Deputy Lain told Coons to depart the scene, Coons tried to comply but was nonetheless attacked by Deputy Lain. Under these facts Deputy Lain's use of force was unreasonable. On this summary judgment record, there exists a material fact in dispute, i.e., whether Coons promptly obeyed Deputy Lain's command that he depart the scene of the investigation thus giving Deputy Lain no reason to seize him. Which version of the facts the fact finder accepts determines whether Deputy Lain used excessive force. These disputed facts make summary judgment inappropriate.

We turn next to the unlawful detention claim. A police officer may detain an individual for a short period of time if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks evidence rising to the level of probable cause. Michigan v. Summers, 452 U.S. 692, 699 (1981); Terry v. Ohio, 392 U.S. 1, 30 (1968). To state a claim for unlawful detention, a plaintiff must allege: (1) a detention occurred; and (2) the detention was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring. Terry, 392 U.S. at 30.

Deputy Lain argues that he detained Coons because he had reasonable suspicion that Coons was interfering with his investigation.[1] Deputy Lain alleged that Coons failed to obey Deputy Lain's lawful command that he leave the site of the investigation and continued toward Hipps and reached out to touch or strike her. Deputy Lain concluded that Coons was interfering with his investigation and his limited detention of Coons was objectively reasonable. Deputy Lain thus argues he is entitled to qualified immunity.

The problem, again, is that Deputy Lain's conclusion is based on his account of the facts, facts directly disputed by Coons. Coons specifically takes issue with Deputy Lain's allegations that he did not comply with Deputy Lain's command to leave the scene of the investigation, that he continued toward Hipps, and that he reached out toward Hipps. Coons alleged that he did not interfere with Deputy Lain's duties, get angry, raise his voice, attempt to circumvent Deputy Lain to reach Hipps, disregard Deputy Lain's commands, or struggle or otherwise resist arrest. Coons thus alleged that he was unlawfully detained when Deputy Lain handcuffed and placed him in his patrol car for 15–30 minutes. If we accept Coons's version of the facts, as we must when

---

[1] Texas law makes it unlawful for a person, with criminal negligence, to interrupt, disrupt, impede, or otherwise interfere with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law. TEX. PEN. CODE ANN. § 38.15.

reviewing a grant of summary judgment, Deputy Lain's detention of Coons was not supported by articulable facts that criminal activity was afoot. Under this version, Deputy Lain's actions were objectively unreasonable and he should not be shielded by qualified immunity. A genuine issue of material fact is presented on this claim which precludes summary judgment.

B.

Official immunity is an affirmative defense in Texas that protects government employees from liability. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). The Texas Supreme Court has stated that government employees are entitled to official immunity from suit arising from performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Official immunity in Texas is substantially the same as qualified immunity under federal law. Meadours v. Ermel, 483 F.3d 417, 424 (5th Cir. 2007). The main difference, however, is that official immunity does not incorporate the requirement that the plaintiff show the violation of a clearly established right; official immunity hinges on whether the official's activities were undertaken in "good faith," i.e., whether they were objectively reasonable. Id. (citing Lancaster, 883 S.W.2d at 656–67).

Deputy Lain argues that the district court correctly concluded that he is shielded by official immunity from the state assault claim. His argument again rests on his version of the facts, that Coons did not follow his commands, interfered with his investigation, and resisted arrest. For the reasons explained above, we find Deputy Lain's argument unavailing. If we accept Coons's version of events, as we must, Deputy Lain did not act in an objectively reasonable way. Thus, the district court erred in granting summary judgment on the state law claims based on official immunity grounds.

IV.

6

Accepting Coons's version of the facts, Deputy Lain's actions were not objectively reasonable. For this reason, the district court erred in granting summary judgment on qualified immunity and official immunity grounds. Triable issues of material fact are present. The summary judgment is thus reversed and the case is remanded for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.